UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOSE REYES,             )<br>                             )<br>         Movant       )<br>                             )<br>v.                          )   Civil No.  04-217-B-S<br>                             )   Criminal No. 01-76-B-W<br>UNITED STATES OF AMERICA, )<br>                             )<br>         Respondent  )| |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Jose Reyes has filed a timely 28 U.S.C. § 2255 motion alleging three separate claims of ineffective assistance of trial and post-trial counsel.  (Am. Sec. 2255 Mot., Docket No. 4.)  Elaboration of the factual basis for Reyes's claims of ineffective assistance is found in his initial motion and the memorandum filed in support of that motion. (Docket Nos. 1 & 3.)  In ground one of his amended motion he claims that trial counsel was ineffective for failing to mount a jurisdictional challenge to the original criminal charge.  In ground two he alleges that replacement counsel assigned after trial was ineffective because he did not challenging the "illegal" sentence imposed in violation of the United States Sentencing Guidelines at the time of sentencing and on appeal.  Finally, Reyes claims that trial counsel was ineffective because he did not assert a speedy trial violation and because he developed a "conflict of interest" after the attorney's motion to withdraw as counsel was denied immediately prior to trial.  I now recommend that the court **DENY** Reyes's 28 U.S.C. § 2255 motion.

**DISCUSSION**

As Reyes notes in his amended 28 U.S.C. § 2255 motion, "all[claims] are raised now as they are the subject of counsel's performance and are the traditional grounds for a habeas corpus petition." (Am. Sec. 2255 Mot. at 6, ¶ 13). Thus I will analyze Reyes's three claims through the prism of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) and determine: (1) if "counsel's representation fell below an objective standard of reasonableness," and (2) if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 688. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694. Even when asserting "traditional" claims of ineffective assistance of counsel, no evidentiary hearing is needed when:

> (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations "need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible."

<u>David v. United States</u>, 134 F.3d 470, 477 (1st Cir. 1998) (quoting <u>United States v. McGill</u>, 11 F.3d 223, 225 (1st Cir. 1993); <u>see also</u> R. Governing Sec. 2255 Proceedings 4(b). Applying this standard, Reyes's petition should be denied without an evidentiary hearing.

### 1. *Ineffective assistance and the jurisdictional claim*

In pages two through fifteen of his memorandum in support of his motion Reyes sets forth a multifaceted attack upon this court's jurisdiction over the subject matter of the criminal indictment returned in this case. As the United States points out in its response, most of these so-called "jurisdictional" defects are patently frivolous and could not possibly supply the fodder for a claim that trial or appellate counsels' performance fell

2

below an objective standard of reasonableness because neither counsel raised these claims at trial or on appeal. (Gov't. Resp. at 30 n.10.) An attorney is not required to file futile or pointless challenges to a federal court's jurisdiction. See United States v. Madkins, 14 F.3d 277, 278 -79 (5th Cir. 1994) (rejecting outright ineffective assistance claim based on counsel's decision not to challenge United States District Court of Texas's jurisdiction over crimes occurring in "Sovereign State of Texas") .

Reyes now faults counsel for failing to mount a "jurisdictional" challenge to the sufficiency of the evidence to support a conviction of conspiracy to possess cocaine with the intent to distribute. However, on direct appeal counsel did attack the sufficiency of the evidence to support a conspiracy conviction. See United States v. Reyes, 352 F.3d 511, 517-518 (1st Cir. 2003). Reyes cites no precedent for the proposition that a sufficiency of the evidence challenge can or should be framed as a jurisdictional challenge and I know of none. Clearly the court had jurisdiction over a criminal indictment charging an offense against the laws of the United States. See 18 U.S.C. § 3231. Likewise, Reyes's argument that counsel should have argued the court lacked jurisdiction because there was no stipulation regarding the quantity of drugs involved in the conspiracy fails because there is simply no legal support for his argument.

*2. Ineffective assistance at the time of sentencing*

Reyes alleges two sentencing errors: the first regarding the quantity of drugs attributed to him and the second involving enhancements applied because of his prior criminal record. Perhaps acknowledging that a straight up legal challenge to these perceived "sentencing errors" would not be sustainable in a 28 U.S.C. § 2255 motion, see Knight v. United States, 37 F.3d 769, 773-74 (1994) (factual sentencing Guideline

3

arguments generally are almost never cognizable in a § 2255 adjudication because they do not raise constitutional challenges), Reyes's amended motion couches these sentencing "errors" as the result of ineffective assistance of counsel at the time of sentencing and on appeal.[1]

A presentence report dated June 10, 2002, concluded that Reyes was responsible for 115.4 grams of cocaine which produced a base offense level of 18 under the Sentencing Guidelines. (PSR ¶¶ 18, 24.) However, Reyes was a career offender under U.S.S.G. § 4B1.1 because he had a prior conviction for possession of heroin with the intent to distribute, a prior conviction for criminal restraint, the instant offense was a controlled substance offense, and he was at least eighteen-years-old at the time of its commission. (PSR ¶ 32.) As a result, Reyes's offense level became 32. (PSR ¶ 32.) It is apparent that Reyes's sentence was driven by his prior record and not by the amount of drugs attributed to him, and thus, even if Reyes is correct about counsel's failure to challenge the amount of drugs attributed to him, that failure would not entitle Reyes to relief.

Reyes does not allege that his attorney was ineffective for failing to mount a challenge to the fact of any of his prior convictions. He merely claims, in the most conclusory of fashions, that his admitted criminal history resulted in a criminal history category that significantly over represents the seriousness of his past record or the likelihood that he will commit further crimes. Counsel is faulted for failing to seek a downward departure under United States Sentencing Guideline § 4A1.1(3) with the aim

---

[1] I do not read Reyes's pleadings as raising a Sixth Amendment Blakely v. Washington, 542 U.S. __,124 S.Ct. 2531(2004)/United States v. Booker, __ U.S. __, 125 S. Ct. 738 (Jan. 12, 2005) challenge to his sentence and were he to attempt to do so it is firmly established within this District that those cases do not have retroactive application. See Violette v. United States, 365 F.Supp.2d 5-6 (D. Me. 2005).

of securing a reduction in the sentence.  Given this Court's remarks at the time of sentencing it is patently obvious that the Sentencing Judge would not have been inclined to entertain a downward departure based upon such a theory.  When imposing a sentence of 210-months in prison to be served concurrently on the two counts of conviction, followed by a six-year term of supervised release, this court remarked:

> I think what you did and your past criminal history deserves significant punishment. I sentence you to the minimum sentence in this case because I think the minimum is a severe sentence and one adequate to punish you for what you did and to protect the public from your future drug dealing.

(Sentencing Tr. 23-24.)  From my review of the record there is no reason to believe that counsel should or could have made a convincing argument that Reyes's criminal history should have been treated any differently than it was treated by this Court.

### *3. The remaining ineffective assistance claims against trial counsel*

Reyes faults his trial counsel for not asserting a violation of the speedy trial act on his behalf and for not raising the "conflict of interest" that allegedly developed after trial counsel's eve-of-trial motion to withdraw was denied by the court.  In the final paragraph of his memorandum Reyes alleges that trial counsel was ineffective because he failed to subject the Government's case to "a meaningful adversarial testing process."   This paragraph appears to be a rehash of his sentencing and jurisdictional arguments coupled with a conclusory statement, sans elaboration, of counsel's "failure to challenge deficient jury instructions." Conspicuously absent from any of Reyes's allegations is any mention of ineffective assistance in conjunction with Reyes's competency to stand trial or assist in the presentation of his own defense.   In his direct appeal Reyes had attempted to bring a claim of ineffective assistance of counsel based upon trial counsel's failure to file a motion for a pretrial psychological examination.  Because no claim had been

5

brought prior to the direct appeal in this Court -- and as a result there had been no finding concerning what Reyes's trial attorney knew or should have known at the time -- the appellate court ruled that the challenge was premature.  Reyes, 352 F.3d at 517.   Reyes had refused to attend his trial, in spite of the court's efforts to obtain his participation, raising at least the specter of some mental abnormality, a situation which motivated newly assigned post-trial counsel to move for such an examination.

I take Reyes's failure to reprise this argument anywhere in his 28 U.S.C. § 2255 filings as an implicit acceptance on his part of what the record makes explicitly clear through the mental examination report and the trial court findings: At all relevant times Reyes was mentally competent to stand trial and assist in his defense by attending the trial, had he chosen to do so.  (See Trial Tr. at 13; Devens Report.)

As for Reyes's contention that counsel was ineffective for failing to pursue claimed speedy trial rights, a review of the record shows that there was no violation of the right to a speedy trial and thus no ineffective assistance in failing to raise the claim.

As the Government indicates in its response, the following principles apply:

> Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(F),"delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded from the speedy trial computation. The filing of a motion stops the clock under the Act. See United States v. Rush, 738 F.2d 497, 502 (1st Cir. 1984); United States v. Mitchell, 723 F.2d 1040, 1046-47 (1st Cir. 1983). According to the docket in the instant case, only 15 days expired on the speedy trial clock from the date of indictment before Reyes filed motions to suppress and seeking more time to file pretrial motions (Docket Entries, item nos. 1, 6, 7). While the suppression motion was pending, Reyes filed two other motions on January 25, 2002, one supplementing the motion to suppress, and the other ex parte seeking a hearing on the suppression motion (Docket Entries, item nos. 16, 17). The motion was heard on February 20, 2002 and was recommended for denial on March 6, 2002 (Docket Entries, item no. 22). Reyes objected to the recommended denial on March 18, 2002 (Docket Entries, item no. 24). On

> April 11, 2002 a U.S. District Judge adopted the recommended denial of the motion to suppress (Docket Entries, item no. 31).
> Only 18 days expired on the speedy trial clock before Attorney Smith filed a motion to withdraw as counsel on April 29, 2002 (Docket Entries, item no. 32). That motion was denied on April 30, 2002 (Docket Entries, item no. 32). Two days expired until May 3, 2002 when the Government filed an ex parte motion which again stopped the clock (Docket Entries, item no. 42). That motion was decided on May 6, 2002 on the same day that the jury was impaneled (Docket Entries, item no. 42). Thus, by the Government's count, only 35 days expired on the clock. Because the Speedy Trial Act sets a 70-day time period within which trial must begin, there was no statutory basis for any claim under the Act. Again, such a claim would have been futile, and Attorney Smith need not have pursued it.

(Gov't. Resp. at 34-35). Reyes's speedy trial rights simply were not violated.

Finally, Reyes claims that a "conflict of interest" developed between him and his trial counsel over counsel's recommendation that Reyes plead guilty to the charge. Reyes claims this conflict caused him to lose confidence in his attorney. Reyes's court appointed attorney filed a motion to withdraw on the eve of trial. The District Court conducted what the appellate court found to be an "adequate inquiry" into the reasons Reyes sought new counsel and concluded that there was no breakdown in communications between the attorney and Reyes. Reyes, 352 F.3d at 515. During that inquiry Reyes made no mention about a disagreement over a recommendation by counsel that Reyes plead guilty but even if there was such a disagreement between counsel and client such a disagreement does not, without more, give rise to a "conflict of interest." See United States v. Mota-Santana, 391 F.3d 42, 46 (1st Cir. 2004) (rejecting such an argument). Indeed, on the facts developed at trial there can hardly be said to be a showing that counsel was ineffective because he made a recommendation that Reyes plead guilty. It is counsel's obligation to make such recommendations to clients in appropriate circumstances. See Almon v. United States, 302 F.Supp.2d 575, 586 (D.S.C.

2004) ("[T]the fact that the Petitioner's counsel encouraged his client to plead guilty, based upon the evidence gathered and presented, is not in itself ineffective assistance, but a trial strategy decision which is entitled to deference. ... Here, the Petitioner ignored his counsel's advice to plead guilty, and instead proceeded to trial. He cannot demonstrate that advice he ignored was in itself ineffective or prejudiced him in any way."). There was no "conflict of interest" in Reyes's attorney's continued representation of Reyes at trial.

## Conclusion

Based upon the foregoing, I recommend that the court **DENY** the motion without an evidentiary hearing.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated June 16, 2005